**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | §   **CASE NUMBER 1:23-CR-00019-MAC** |
| **v.** | § |
| | § |
| | § |
| **JUAN SUAREZ-PUPO** | § |
| | § |

**REPORT AND RECOMMENDATION ON
THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On March 28, 2023, the Defendant filed a notice of insanity defense (Doc. #11) and motion seeking a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The court granted that motion on March 28, 2023. (Dkt. #12, 13.) The Defendant was subsequently evaluated by Cynthia A. Low, Ph.D., Licensed Psychologist at the Federal Correctional Institution in Seatac, Washington, who rendered the opinion that he was competent to proceed.

A competency hearing was conducted on October 11, 2023. At the hearing, the Defendant appeared in court with his counsel, David Barlow. Mr. Barlow did not object to Dr. Low's opinion on competency. Neither the Government nor the defense objected to the psychological report's results and findings.

The undersigned concluded that the Defendant was able to understand the nature and consequences of the proceedings against him and to assist properly in his defense and issued a report recommending that the court find the Defendant competent to stand trial. (Dkt. #22.)

On November 14, 2023, the Defendant appeared before the undersigned for his change of plea hearing where attorneys for the Government and defense stated Defendant was competent to proceed. Following his guilty pleas, the undersigned entered a report recommending that the district court accept his guilty pleas and adjudge him guilty of Counts One and Two of the Indictment. (Dkt. #26). Within that report, the undersigned also found the Defendant was fully competent and capable of entering an informed plea. Neither party objected to the report's findings, and it was subsequently adopted by the district court.

While the Defendant was awaiting sentencing, his other attorney, Gary Bonneaux, filed a second *Unopposed Motion for Psychiatric or Psychological Examination*. (Dkt. #29.) Mr. Bonneaux alleged that although "the Defendant appeared to have a minimal understanding of the reasons for his plea, counsel has recently received information and reports that the Defendant is suffering from competency issues, counsel for the Defendant would request the opportunity to have the Defendant examined for competency prior to any further proceedings." *Id.* The request was granted on February 26, 2024. (Dkt. #30.) The Defendant was subsequently examined at the Federal Detention Center in SeaTac, Washington.

At SeaTac, Dr. Low examined the Defendant for a second time and concluded:

> Suarez-Pupo demonstrated an adequate ability to understand the nature and consequences of the court proceedings against him, and an adequate ability to properly assist counsel in his defense. There is no evidence to indicate the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, or substantially impair his ability to assist counsel in his defense. It is recommended he continue taking his medication to ensure mental stability.

(Dkt. #32, p. 11).

On June 25, 2024, the undersigned held another competency hearing in light of this second report. Mr. Bonneaux did not object to Dr. Low's opinion on competency and neither the Government nor the defense objected to the psychological report's results and findings.

## RECOMMENDATION

The court should find the Defendant competent because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from March 28, 2023 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation. Moreover, at the second competency hearing, Defendant's counsel again conceded that he was competent at his guilty plea hearing on November 14, 2023.

## OBJECTIONS

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government waived their right to object to the proposed findings and recommendations contained in this report in light of the Defendant's upcoming sentencing. Therefore, the court may act on this report and recommendation immediately.